IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02011-BNB

MR. TONEY L. BROWN,

    Applicant,

v.

JOHN CHAPDELINE, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

```
               F I L E D
        UNITED STATES DISTRICT COURT
            DENVER, COLORADO

            SEP 2 8 2011

          GREGORY C. LANGHAM
                                CLERK
```

---

### ORDER TO FILE PRE-ANSWER RESPONSE

---

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. #1) filed on August 3, 2011, in this action and pursuant to **Denson v. Abbott**, 554 F. Supp. 2d 1206 (D. Colo. 2008), the Court has determined that a limited Pre-Answer Response is appropriate. Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing whether Applicant is in custody for the purposes of the convictions he is challenging as well as the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). If Respondents do not intend to raise either of these affirmative defenses, they must notify the Court of that decision in the Pre-Answer Response. Respondents may not file a dispositive motion as their Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to his current custody as well as the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.  Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondents shall file a Pre-Answer Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, they must notify the Court of that decision in the Pre-Answer Response.

DATED September 28, 2011, at Denver, Colorado.

                BY THE COURT:

                  s/ Boyd N. Boland
                United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02011-BNB

Toney L Brown
Prisoner No. 61215
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John Chapdeline
c/o Keith Nordell
Colorado Department of Corrections
Office of Legal Affairs
**DELIVERED ELECTRONICALLY**

John Suthers, Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

James Quinn, Asst. Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**
**COURTESY COPY**

 I hereby certify that I have mailed a copy of the ORDER to the above-named individuals, and the following forms to Keith Nordell for service of process on John Chapdeline: APPLICATION FOR WRIT OF HABEAS CORPUS FILED 8/3/11 on September 28, 2011.

             GREGORY C. LANGHAM, CLERK

             By:_____
                 Deputy Clerk