IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02011-BNB

MR. TONEY L. BROWN,

      Applicant,

v.

JOHN CHAPDELINE, and
JOHN SUTHERS, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Toney L. Brown, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Mr. Brown has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1).  Mr. Brown is challenging the validity of his convictions in two cases in the Arapahoe County District Court.  The relevant state court case numbers are 88CR508 and 88CR1493.

      On September 28, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing whether Applicant is in custody for the purposes of the convictions he is challenging as well as the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On November 17, 2011, Respondents filed their Pre-Answer Response (ECF No. 15) arguing that this action is untimely and that Mr.

Brown's claims are unexhausted.  On January 18, 2012, Mr. Brown filed a reply (ECF No. 20) to the Pre-Answer Response.

On January 24, 2012, Magistrate Judge Boland entered an order directing Respondents to file a Supplement to the Pre-Answer Response in order to address various arguments raised by Mr. Brown in his reply that Respondents had not had an opportunity to address.  On March 15, 2012, Respondents filed their Supplement to Pre-Answer Response (ECF No. 24) and on May 3, 2012, Mr. Brown filed a reply (ECF No. 30) to Respondents' Supplement to Pre-Answer Response.

The Court must construe the application and other documents filed by Mr. Brown liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

On April 11, 1989, Mr. Brown pled guilty to robbery in 88CR508 and to a drug offense in 88CR1493.  He was sentenced the same day to eight years in prison in each case, and the sentences were ordered to be served concurrently.  Mr. Brown did not file a direct appeal.  He did, however, file a number of postconviction motions relevant to one or both of his convictions.  The parties do not always agree on the precise dates on which the postconviction motions were filed and denied but the differences do not affect the Court's ultimate conclusions.  The dates cited in this order are taken primarily from entries on the state court docket sheets submitted by Respondents with their Pre-Answer Response.

On August 9, 1989, Mr. Brown filed a *pro se* motion seeking postconviction relief

in 88CR508.  (*See* ECF No. 15-11 at 18.)  On September 7, 1989, after counsel was

appointed to represent Mr. Brown, counsel filed an amended motion to withdraw the

plea and vacate the conviction.  (*See id.*)  On March 9, 1990, counsel apparently filed a

related motion to withdraw Mr. Brown's guilty plea in 88CR1493.  (*See* ECF No. 15-12

at 10.)  At a hearing on April 5, 1990, Mr. Brown withdrew the motions to vacate his

pleas in both cases.  (*See* ECF No. 15-11 at 19; ECF No. 15-12 at 10.)  Mr. Brown

contends that his withdrawal of the motions was not voluntary and resulted from

ineffective assistance of counsel.

The parties agree that Mr. Brown filed an amended motion to withdraw his guilty

pleas in both cases on August 30, 1993.  (*See* ECF No. 15 at 7; ECF No. 20 at 4.)  That

motion remained pending for several years and ultimately was denied on October 2,

2002 (*see* ECF No. 15-11 at 10-11; ECF No. 15-12 at 5), apparently because the

motion was untimely under state law.  Mr. Brown did not appeal from the trial court's

order of October 2, 2002, and he contends that no final appealable order was entered

by the trial court on October 2, 2002.

On June 27, 2003, Mr. Brown filed in the trial court another postconviction motion

pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure that referenced one

or more prior motions.  (*See* ECF No. 15-11 at 10.)  According to Mr. Brown, the June

2003 postconviction motion was a continuation of the prior state court postconviction

proceedings that he contends remained pending after October 2, 2002.  On July 9,

2003, the trial court entered an order denying the June 2003 Rule 35(c) motion because

the same motions had been denied on October 2, 2002, and Mr. Brown's remedy was

to appeal the October 2 order.  (*See* ECF No. 15-11 at 10; ECF No. 15-12 at 4.)  On

August 25, 2003, Mr. Brown filed a notice of appeal from the trial court's order of July 9, 2003 (*see* ECF No. 15-11 at 9-10; ECF No. 15-12 at 3-4), although he now contends that the appeal was meaningless and void for lack of jurisdiction.  On December 4, 2004, the appeal was dismissed because Mr. Brown failed to file an opening brief and the parties agree that the mandate issued on February 4, 2005.  (*See* ECF No. 15 at 14; ECF No. 20 at 13.)

On February 19, 2004, while his appeal from the trial court's order of July 9, 2003, was pending, Mr. Brown filed in the trial court a motion to supplement the record with an affidavit from one of his attorneys.  (*See* ECF No. 15-11 at 9; ECF No. 15-12 at 3.)  On March 11, 2004, the trial court denied the motion to supplement.  (*See id.*)

On April 17, 2007, Mr. Brown filed another Rule 35(c) motion seeking postconviction relief in the trial court.[1]  (*See* ECF No. 15-11 at 8.)  On April 26, 2007, the trial court denied the motion.  (*See id.*)  The trial court determined that the April 2007 motion was successive and that determination was affirmed on appeal.  *See People v. Brown*, No. 07CA1070 (Colo. App. Sept. 23, 2010) (ECF No. 15-5).  On March 3, 2011, the Colorado Court of Appeals denied Mr. Brown's petition for rehearing.  (*See* ECF No. 15-7.)  On June 6, 2011, the Colorado Supreme Court denied Mr. Brown's petition for writ of certiorari. (*See* ECF No. 15-9.)

Mr. Brown filed the instant application on August 3, 2011.  He presents the following eight claims for relief:

---

[1]Respondents assert that the state court postconviction proceedings initiated in 2007 relate only to Mr. Brown's conviction in 88CR508 and not 88CR1493, and Mr. Brown asserts that 88CR1493 was consolidated into 88CR508 such that all of the state court postconviction filings relate to both convictions. The Court need not resolve this issue because, even assuming Mr. Brown is correct, the action still is subject to dismissal for the reasons discussed in this order.

1.      His right to due process was violated because the visiting judge who imposed judgment did so after his appointment expired.

2.      His drug conviction violates due process and double jeopardy because the state prosecution was barred by an agreement between Mr. Brown and both state and federal prosecutors.

3.      His guilty plea to robbery was involuntary and violates due process because he was not advised adequately regarding the mental state of knowingly.

4.      His rights to counsel and due process were violated when trial counsel coerced him to permit a voice identification procedure and to plead guilty by threatening to withdraw as counsel.

5.      His rights to counsel and due process were violated when postconviction counsel coerced him to withdraw his motions to vacate his guilty pleas in 1990.

6.      He was denied due process when the trial court rejected his justifiable excuse and excusable neglect arguments in denying his August 1993 postconviction Rule 35(c) motion as untimely.

7.      He was denied due process when the trial court allowed counsel to withdraw during the state court postconviction proceedings.

8.      He was denied due process when the trial court denied his requests for a free transcript of the October 2002 hearing and for reappointment of counsel.

Before addressing the affirmative defenses raised by Respondents in their Pre-Answer Response, the Court notes that claims five through eight facially lack merit and must be dismissed.  There is no federal constitutional right to postconviction review in the state courts.  *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987).  As a result, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim."  *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that

petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").  Claims five through eight relate solely to state court postconviction proceedings and do not implicate the validity of the state court convictions under attack in this action.  Therefore, claims five through eight will be dismissed for failure to present a cognizable federal constitutional issue.

Respondents assert in their Pre-Answer Response that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when Mr. Brown's conviction became final and when the one-year limitation period began to run.  Mr. Brown's convictions became final prior to April 24, 1996, the date the one-year limitation period in § 2244(d) was enacted into law.  He does not allege that he was prevented by unconstitutional state action from filing the instant action sooner; he is not asserting any constitutional rights newly recognized by the Supreme Court; and he knew or could have discovered the factual predicate for his federal constitutional claims at the time he was convicted.  Therefore, because Mr. Brown's convictions became final before § 2244(d) was enacted into law, the Court finds that the one-year limitation period began to run on April 24, 1996.  *See Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998) (finding that one-year limitation period begins on April 24, 1996, for convictions that became final prior to the effective date of § 2244(d)).

The next question the Court must answer is whether the one-year limitation period was tolled for any period of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  These requirements include:

7

> (1) the place and time of filing; (2) the payment or waiver of
> any required filing fees; (3) the obtaining of any necessary
> judicial authorizations that are conditions precedent to filing,
> such as satisfying any filing preconditions that may have
> been imposed on an abusive filer; and (4) other conditions
> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede that the state court proceedings relevant to the state court postconviction motion Mr. Brown filed in 1993 were pending when the one-year limitation period began to run on April 24, 1996. As a result, Respondents further concede that the one-year limitation period was tolled until the proceedings relevant to the 1993 state court postconviction motion concluded. As noted above, the trial court denied the 1993 Rule 35(c) motion on October 2, 2002, and Mr. Brown did not appeal from that order. Mr. Brown's argument that the trial court did not enter a final order from which to appeal on October 2, 2002, is contradicted by the record before the Court.

(*See* ECF No. 15-11 at 10-11; ECF No. 15-12 at 5).  Therefore, because Mr. Brown had

forty-five days to file a notice of appeal after October 2, 2002, under the Colorado

Appellate Rules, *see* C.A.R. 4(b), the Court finds that the one-year limitation period was

tolled until November 18, 2002.[2]

Respondents also concede that the one-year limitation period was tolled while

the state court proceedings relevant to the postconviction motion Mr. Brown filed on

June 27, 2003, were pending.  However, the 220 days after November 18, 2002, and

before June 27, 2003, when no state court postconviction motions were pending, count

against the one-year limitation period.

As discussed above, the trial court denied the June 2003 postconviction motion

on July 9, 2003, and Mr. Brown's appeal from the trial court's order of July 9, 2003, was

dismissed on December 4, 2004.  The state court mandate issued on February 4, 2005.

Because 220 days of the one-year limitation period ran before the June 2003

postconviction motion was filed, only 145 days remained as of February 4, 2005.

Mr. Brown did not file his next state court postconviction motion until April 27,

2007, more than two years later.  Although Mr. Brown contends that the state court

docket sheets submitted by Respondents with their Pre-Answer Response do not

adequately reflect all of the actions he took in diligently pursuing his claims, he fails to

demonstrate that he filed any other postconviction motions in the trial court that

arguably could have tolled the one-year limitation period.  Even assuming Mr. Brown

filed motions to obtain transcripts, reconstruct the record, supplement the record, and

---

[2]The forty-fifth day after October 2, 2002, was Saturday, November 16, 2002.  Therefore, the filing deadline extended until Monday, November 18, 2002.  ***See*** C.A.R. 26(a).

hold other proceedings as he alleges, those motions were not properly filed postconviction motions within the meaning of § 2244(d)(2) and did not toll the one-year limitation period.  *See, e.g., May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (finding that postconviction motions for transcripts and petitions for writs of mandamus relating to those motions do not toll the one-year limitation period pursuant to § 2244(d)(2)).  As a result, the one-year limitation period expired long before the April 2007 state court postconviction motion was filed and the state court proceedings relevant to the April 2007 postconviction motion could not toll the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

Mr. Brown contends that the instant action is not time-barred because he is entitled to equitable tolling of the one-year limitation period.  Although his equitable tolling arguments are not entirely clear, he apparently contends that equitable tolling is appropriate because postconviction counsel in 1990 provided ineffective assistance with respect to his initial motion to vacate his pleas and because the trial court denied various motions he filed throughout the state court postconviction proceedings that hampered his ability to seek and obtain relief.  Mr. Brown also claims he is actually innocent of the robbery conviction because there is evidence of shoe prints larger than his shoe size, he has an alibi witness, and there is DNA evidence that links a mask used in the robbery to someone else.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled

10

for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the petitioner actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds, the petitioner is not required to demonstrate he diligently pursued the actual innocence claim. *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). However, to be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. The petitioner then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. The Court emphasizes that a "substantial claim that

11

constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324.

Mr. Brown fails to demonstrate that equitable tolling is appropriate. With respect to postconviction counsel's alleged ineffectiveness in 1990, Mr. Brown fails to allege the sort of egregious conduct that is necessary to justify equitable tolling. *See Holland*, 130 S. Ct. at 2564. Furthermore, even if postconviction counsel was ineffective in 1990, postconviction counsel's ineffectiveness twelve years before any period of time counted against the one-year limitation period in November 2002 does not justify equitable tolling. Mr. Brown's vague allegations that the trial court hampered his ability to seek and obtain relief by denying various motions he filed throughout the state court postconviction proceedings also does not justify equitable tolling. Finally, Mr. Brown's actual innocence argument is not sufficient to justify equitable tolling because there is no indication that the evidence he references is new evidence and, in any event, he fails to submit proof of such evidence to the Court.

For all of these reasons, the Court finds no basis for equitable tolling of the one-year limitation period. As a result, the Court finds that this action is barred by the one-year limitation period.

Respondents also argue that Mr. Brown's federal constitutional claims in this action are unexhausted. The Court agrees.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Based on the discussion above of the state court proceedings relevant to the convictions Mr. Brown is challenging in this action, it is clear that Mr. Brown has not fairly presented any of his federal constitutional claims to the Colorado appellate courts. Mr. Brown did not file a direct appeal. The postconviction motion Mr. Brown filed in

1993 was denied as untimely in 2002 and, in any event, he did not appeal from the

denial of that postconviction motion.  Although Mr. Brown filed a notice of appeal from

the trial court's order of July 9, 2003, denying the Rule 35(c) motion he filed in June

2003, that appeal was dismissed in December 2004 because he failed to file an opening

brief.  Finally, the state court proceedings relevant to the Rule 35(c) motion Mr. Brown

filed in April 2007 do not satisfy the fair presentation requirement because the April

2007 Rule 35(c) motion was denied as successive and that decision was affirmed on

appeal.  Although Mr. Brown argues that the April 2007 postconviction motion was not

successive, it is clear that the state courts concluded it was successive.  Therefore, the

Court finds that Mr. Brown has not fairly presented any of his federal constitutional

claims to the Colorado appellate courts.

Although Mr. Brown failed to exhaust state remedies for his federal constitutional

claims, the Court may not dismiss those claims for failure to exhaust state remedies if

Mr. Brown no longer has an adequate and effective state remedy available to him.  *See*

*Castille*, 489 U.S. at 351.  The Court finds that Mr. Brown no longer has an adequate

and effective state remedy available to him because the Colorado Rules of Criminal

Procedure bar him from filing another postconviction motion raising claims that he could

have raised in a prior motion.  *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny

any claim that could have been presented in an appeal previously brought or

postconviction proceeding previously brought").  Furthermore, any attempt to file

another postconviction Rule 35(c) motion in Colorado state court would be untimely.

*See* Colo. Rev. Stat. § 16-5-402 (providing that a defendant convicted of felony other

than a class 1 felony has three years to seek relief under Rule 35(c) unless he

14

establishes good cause).  Therefore, the Court finds that Mr. Brown's federal

constitutional claims are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted

in state court on an independent and adequate state procedural ground, unless the

default is excused through a showing of cause and actual prejudice or a fundamental

miscarriage of justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

Application of this procedural default rule in the habeas corpus context is based on

comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730

(1991).  Mr. Brown's *pro se* status does not exempt him from the requirement of

demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See*

*Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Brown must show that

some objective factor external to the defense impeded his ability to comply with the

state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective

factors that constitute cause include interference by officials that makes compliance with

the State's procedural rule impracticable, and a showing that the factual or legal basis

for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S.

467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Brown can demonstrate

cause, he also must show "actual prejudice as a result of the alleged violation of federal

law."  *Coleman*, 501 U.S. at 750.

Although Mr. Brown recites the cause and prejudice standards in his reply to the

Pre-Answer Response, he fails to present any reasoned argument that establishes

either cause or prejudice for his procedural default.  In particular, his contention that the

15

state courts erroneously concluded his April 2007 postconviction motion was successive does not establish cause for his procedural default.

Mr. Brown also fails to demonstrate that a failure to consider his unexhausted federal constitutional claims will result in a fundamental miscarriage of justice.  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496. However, the Court already has rejected Mr. Brown's actual innocence argument.

For these reasons, I find that Mr. Brown fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his unexhausted claims will result in a fundamental miscarriage of justice.  As a result, Mr. Brown's claims are procedurally barred and the action also will be dismissed for that reason.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for the reasons stated in this order.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __11th__ day of ____May_____, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court